BALLEW v. HARTMAN ET AL.
(196 P. [2d] 870)

Decided August 9, 1948.

Mr. WALTER H. ANDERSON, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS action was brought by defendants in error, to whom we hereinafter refer as plaintiffs, allegedly constituting a nominating committee and a committee to fill vacancies of the Progressive Party, pursuant to section

203, chapter 59, '35 C.S.A., to compel plaintiff in error, as clerk of the town of Rangely, to place upon the ballot at the town election to be held April 6, 1948, the names of certain candidates mentioned in the complaint for the various offices of said town.

Before the matter came on for trial, the defendant had printed said ballots containing the names of the respective candidates thereon and designated said candidates as representing the "independent progressive ticket." The plaintiffs thereupon amended the complaint by reciting the above, and asked that the word "independent" be deleted from said ballots.

The trial court found for plaintiffs, ordered the word "independent" stricken from the ballot, and awarded the plaintiffs attorney, fees in the sum of $250.00, which judgment is here for review on writ of error.

■ The procedure for nominating candidates other than by convention is set forth in section 73, chapter 59, '35 C.S.A., as amended by chapter 124, '41 S.L., as amended by chapter 2, '44 S.L., page 25, which, insofar as pertinent, provides for the filing with the city clerk a certificate of nomination, and that: "Each voter signing a certificate shall add to his signature his place of residence, and all shall, before an officer duly authorized to administer the same acknowledge his signature and make oath by affidavit thereto attached that he is a voter within and for the political division for which such nomination is made, and has truly stated his residence. * * * "

In the instant case no affidavit was made as required by the mandatory provisions of the statute; consequently, the alleged certificate of nomination is void and of no force or effect, and no duty rested upon defendant as town clerk to file same or place the names of said candidates mentioned therein upon the ballot. *Cowie, Secretary of State v. Means*, 39 Colo. 1, 88 Pac. 485;

*Stephen, Chairman of the Republican Party Central Committee et al. v. Lail et al.,* 80 Colo. 49, 248 Pac. 1012.

The judgment of the trial court is reversed and the cause remanded with instructions to dismiss the complaint.

MR. JUSTICE HILLIARD not participating.